UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

OSWEGO LABORERS' LOCAL 214 PENSION
& ANNUITY FUNDS, LABORERS' LOCAL
UNION NO. 214 OF OSWEGO, NEW YORK &
VICINITY TRAINING & EDUCATION FUND by
David Henderson, as Administrator; ONONDAGA
COUNTY LABORERS' HEALTH & WELFARE
FUND, by Janet M. Moro, as Fund Administrator;
and CONSTRUCTION & GENERAL LABORERS'
LOCAL UNION NO. 633, by Gabriel M. Rossetti,
Business Manager,

          Plaintiffs,

   v.                 5:06-CV-1115
                       (FJS/GHL)
BUCKSKIN PIPELINE CONSTRUCTION, LTD.
and FREDERICK A. KARAM, individually and
as an officer of Buckskin Pipeline Construction,
Ltd.,

          Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **BLITMAN & KING, LLP**<br>Franklin Center, Suite 300<br>443 North Franklin Street<br>Syracuse, New York 13204-1415<br>Attorneys for Plaintiffs | **JENNIFER A. CLARK, ESQ.** |
| **COHEN & COHEN, LLP**<br>258 Genesee Street, Suite 205<br>Utica, New York 13502<br>Attorneys for Defendants | **DANIEL S. COHEN, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court is Plaintiffs' motion for a default judgment and entry of a final judgment against Defendant Buckskin Pipeline Construction Ltd. in the amount of $114,374.94, plus post-judgment interest, pursuant to Rules 54 and 55 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1961(a).

During the course of a Rule 16 Conference with Magistrate Judge Lowe on January 16, 2007, Defendants' counsel indicated that Defendant Buckskin Pipeline Construction Ltd. would not oppose this motion. *See* Letter of Jennifer A. Clark, Esq., dated March 30, 2007, at 1.

**II. BACKGROUND**

Defendant Buckskin Pipeline Construction, Ltd. ("Buckskin" or "Defendant") is a party to a collective bargaining agreement ("Agreement") with Construction and General Laborers' Local Union 633. Pursuant to the provisions of that Agreement, Defendant is obligated to remit fringe benefit contributions and deductions to Plaintiffs for all hours that employees, whom the Agreement covered, worked at the SUNY Oswego Project.

Pursuant to the Agreement, Defendant is also bound by the rules and regulations of the Funds' Board of Trustees and the terms and conditions of Plaintiffs' Agreements and Declarations of Trust and the Collections Policy. These Agreements and Declarations of Trust, the Collections Policy and Sections 515 and 502(g)(2) of ERISA obligate Defendant, if it is delinquent in remitting contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection and attorney's fees.

During the period of November 2003 through September 2004, Defendant failed to remit fringe benefit contributions and deductions to Plaintiffs on time. Therefore, Plaintiffs commenced this lawsuit on September 19, 2006, to collect the delinquent fringe benefit contributions and deductions together with interest, liquidated damages, costs and fees of collection and attorney's fees. On October 18, 2006, Plaintiffs served the summons and complaint on Defendant by delivering two copies of the same with the required fee to the New York Secretary of State. *See* Affidavit of Jennifer A. Clark, sworn to January 4, 2007 ("Clark Aff."), at ¶ 5. On December 5, 2006, Plaintiffs served the summons and complaint on Defendant Frederick A. Karam, pursuant to Magistrate Judge Lowe's November 30, 2006 Order, by personally delivering a copy of the same to an employee of Defendant Buckskin and mailing a copy to Defendant Karam. *See id.* at ¶ 6.

Defendant Buckskin did not timely answer the complaint or otherwise move with respect thereto, and the Court did not extend the time for Defendant to do so. *See id.* at ¶ 8. On December 7, 2006, the Clerk of the Court entered a Notice of Default against Defendant Buckskin.[1]

### III. DISCUSSION

**A.   Entry of a Final Judgment against Defendant Buckskin**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an

---

[1] On December 15, 2006, Defendant Karam, who is an officer of Defendant Buckskin, filed an answer to the complaint with cross-claims. *See* Dkt. No. 11. On December 18, 2006, he filed a corrected answer with cross-claims. *See* Dkt. No. 12.

express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

Plaintiffs argue that "[a] final judgment is necessary because the Defendants' violation of their obligations has reduced the corpus of the Plaintiff Funds and reduced the Plaintiff Funds' income." *See* Plaintiffs' Memorandum of Law at 4-5. Moreover, they contend that "[a] delay in allowing Plaintiffs to enforce their claim and to collect the debt may result in the debt being uncollectible." *See id.* at 5.

Defendant Buckskin is the corporate Defendant in this action and, as such, is the entity that is responsible for payment of these contributions and the attendant penalties for failure to pay them. Whether Plaintiffs will ultimately be able to hold Defendant Karam individually liable does not affect Defendant Buckskin's liability or the amount of the total liability. Therefore, the Court finds that there is no just reason to delay entering a final judgment against Defendant Buckskin.

**B.     Motion for default judgment against Defendant Buckskin**

*1. Standard of review*

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This

inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### *2. Proper rule for calculating damages*

Section 1145 of Title 29 of the United States Code provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement **shall**, to the extent not inconsistent with law, **make such contributions in accordance with the terms and conditions** of such plan or such agreement." 29 U.S.C. § 1145 (emphasis added).

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court **shall award** the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>  (i) interest on the unpaid contributions, or
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court

>    deems appropriate.
>
>    For purposes of this paragraph, interest on unpaid contributions
>    shall be determined by using the rate provided under the plan, or, if
>    none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (emphasis added).

Since Defendant is an employer obligated to make contributions into the benefit plans under the Agreements and has not made those required payments, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiffs' damages.

### 3. Plaintiffs' damages

#### a. Unpaid contributions

Plaintiffs have submitted evidence to show that Defendant failed to pay them **$51,300.44** in fringe benefit contributions and deductions.[2] *See* Clark Aff. at ¶ 14. Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

#### b. Interest on the unpaid contributions

Pursuant to Plaintiff Health Fund's Trusts and the Collections Policies of Plaintiff Health Fund and Plaintiff Oswego Laborers' Local 214 Health Fund, interest on the unpaid and untimely paid Health Fund contributions is calculated at the rate of two percent (2%) per month through

---

[2] This total is comprised of **$18,385.33** that Defendant owes to Plaintiff Health Fund, *see* Affidavit of Janet M. Moro, sworn to January 4, 2007, at ¶ 15, and **$32,915.11** that Defendant owes to Plaintiffs Oswego Laborers' Local 214 Pension Fund, Oswego Laborers' Local 214 Annuity Fund, Laborers' Local Union No. 214 of Oswego, New York and Vicinity Training and Education Fund, New York State Laborers' Health and Safety Fund, New York State Laborers' Employers Cooperation and Education Trust Fund, and New York State Laborers' Political Action Committee and Industry Advancement Program, *see id.* at ¶ 12.

July 1, 2004, and at the rate of one and one-half percent (1 1/2%) per month after July 1, 2004. *See* Affidavit of Janet M. Moro, sworn to January 4, 2007 ("Moro Aff."), at ¶ 8. Using these figures, Plaintiffs have submitted evidence that Defendant owes Plaintiff Health Fund **$10,084.43** in interest through January 1, 2007. *See id.* at ¶ 15. Furthermore, interest on the unpaid and untimely paid contributions to Oswego Laborers' Funds is calculated at the rate of two percent (2%) per month, interest on the unpaid and untimely paid contributions to LECET and H&S Fund is calculated at the rate of one and one-half percent (1 1/2%) per month; and interest on the unpaid and untimely paid deductions to the Union, as well as PAC and IAP monies, is calculated at the rate of nine percent (9%) per annum. *See* Affidavit of David Henderson, sworn to January 4, 2007 ("Henderson Aff."), at ¶ 13. Using these figures, Plaintiffs have submitted evidence that Defendant owes Plaintiffs Oswego Laborers' Funds **$14,638.74** in interest through January 1, 2007, *see* Henderson Aff. at ¶ 19, and that Defendant owes Plaintiffs Union, LECET and H&S Fund **$1,952.42** in interest through January 1, 2007, *see* Affidavit of Gabriel M. Rosetti, sworn to January 4, 2007 ("Rosetti Aff."), at ¶ 14. Therefore, the Court finds that Defendant owes Plaintiffs a total of **$26,675.59** in interest through January 1, 2007, *see* Clark Aff. at ¶ 14, and awards Plaintiffs this amount as part of their damages award.

### c. Liquidated damages

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). In this case, Plaintiffs have submitted evidence that Defendant owes

them **$24,723.17** in liquidated damages.[3] *See* Clark Aff. at ¶ 14. Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

### d. Audit fees, attorney's and paralegal fees, and costs

Under the terms of the collective bargaining agreement, Plaintiffs' Trusts, Plaintiffs' Collection Policies and ERISA, § 1132(g)(2)(D), Defendant is liable for all audit fees, attorney's fees, and costs that Plaintiffs incurred in collecting the debt.

In his affidavit, Joseph W. McCarthy, who conducted a payroll audit of Defendant, states that the fees and costs associated with his audit total **$564.63.** *See* Affidavit of Joseph W. McCarthy, sworn to January 4, 2007, at ¶ 12 & Exhibit "B" attached thereto. Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation

---

[3] This total is comprised of **$10,084.43** that Defendant owes to Plaintiff Health Fund, *see* Moro Aff. at ¶ 15, and **$14,638.74** that Defendant owes to Plaintiffs Oswego Laborers' Funds, *see* Henderson Aff. at ¶ 19.

omitted).

In this District, the prevailing rates are $210.00 per hour for the most experienced attorneys, $150.00 per hour for attorneys with four or more years experience, $120.00 per hour for attorneys with less than four-years experience, and $80.00 per hour for paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005).

Plaintiffs have calculated their attorney's fees using the following rates: $200.00 per hour for attorneys and $110.00 per hour for paralegals for the work they performed in 2004; $206.00 per hour for attorneys and $113.00 per hour for paralegals for the work they performed in 2005; and $216.00 per hour for attorneys and $118.00 per hour for paralegals for the work they performed in 2006. Since some of these hourly rates differ from the prevailing rates in this District, the Court has recalculated the attorney's fees using the hourly rates set forth in *Arbor Hill Concerned Citizens Neighborhood Ass'n*.

Four individuals worked on this case on behalf of Plaintiffs: (1) Jennifer A. Clark, Esq., an experienced attorney; (2) Nathaniel G. Lambright, Esq., an attorney with more than four years experience; (3) Linda L. DeMacy, a paralegal; and (4) Melissa A. Eusepi, a paralegal.[4] Below

---

[4] In their "Narrative of Services," Plaintiffs also included an entry for an employee whose initials are "JLR." However, because Plaintiffs did not identify this individual, the Court has not included this entry in its calculation of the attorney's fees award.

are the Court's calculations of the attorney's and paralegal fees associated with the work that these individuals performed using the appropriate hourly rates.

| Attorney/Paralegal | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Jennifer A. Clark | 38.95 | $210 | $ 8,179.50 |
| Nathaniel G. Lambright | .7 | $150 | $ 105.00 |
| Linda L. DeMacy | 2.5 | $80 | $ 200.00 |
| Melissa A. Eusepi | 11.05 | $80 | $ 884.00 |

Multiplying the appropriate hourly rates by the hours expended on this litigation, the Court concludes that Plaintiffs are entitled to an award of **$9,368.50** in attorney's and paralegal fees through January 3, 2007, as part of their damages award.

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, filing fees, postage and delivery costs relating to service of the complaint, and computer research costs. According to their submissions, Plaintiffs have expended **$1,167.95** on such items. Accordingly, the Court awards them this amount for their litigation costs as part of their damages award.

### IV. CONCLUSION

After reviewing Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendant Buckskin Pipeline Construction, Ltd. is **GRANTED** pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because there is no just reason to delay entering a final judgment against this

Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant Buckskin Pipeline Construction, Ltd. in the amount of **$113,800.28**[5] plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: September 10, 2007
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[5] The total award of **$113,800.28** is calculated as follows:

| | |
|---|---|
| $51,300.44 | unpaid and delinquent contributions and deductions |
| $26,675.59 | interest |
| $24,723.17 | liquidated damages |
| $    564.63 | audit fees |
| $ 9,368.50 | attorney's and paralegal fees |
| $ 1,167.95 | litigation costs |